DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas that denied appellants' motion for class action certification. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} On April 6, 2000, the apartment complex in which appellants lived caught fire, resulting in personal injuries and property loss to appellants and other tenants. The apartment complex consisted of approximately 40 units. Fire investigators concluded that the fire appeared to have been accidental, possibly caused by a candle left burning or discarded smoking material. On December 10, 2001, appellants filed a class action complaint on behalf of all persons who resided in the apartment complex against Abrico, Ltd., owner and operator of the complex, alleging negligence for knowingly leasing a unit to a tenant who used candles for heat and light. On March 4, 2002, appellants filed a motion for class action certification which the trial court denied on June 6, 2002, finding that the numerosity requirement had not been met.
 {¶ 3} In their sole assignment of error, appellants assert that it is undisputed that at least 34 of appellees' apartment units were rented by one or more persons at the time of the fire, thereby resulting in at least 34 potential members of the class. Appellants argue that the trial court erred by not articulating its reasons for denying class certification on the basis of numerosity.
 {¶ 4} One of the requirements for class certification as set forth in Civ.R. 23(A) is that "[t]he class is so numerous that joinder of all members is impracticable." The only evidence before the trial court in this case as to the numerosity of the class was the report filed by the Toledo Fire Investigation Unit, which indicated that the complex had 40 units and that 34 units were occupied at the time of the fire. The report did not indicate how many of those 34 units suffered damage in the fire. Ohio courts have not specified numerosity limitations for the size of a class action and the Supreme Court of Ohio has stated that this determination must be made on a case-by-case basis. Warner v. WasteMgt., Inc. (1988), 76 Ohio St.3d 91. In Warner, the Supreme Court of Ohio provided some guidance as to the issue of numerosity by citingMiller, An Overview of Federal Class Actions: Past, Present and Future
(2d Ed., 1977), which stated that if the class has more than 40 people in it, numerosity is satisfied; if it has less than 25, numerosity most likely is lacking; and if there are between 25 and 40 in the class, there is no automatic rule. Warner, supra, at 97.
 {¶ 5} Contrary to appellants' assertion, the Supreme Court of Ohio has not imposed a "rigorous analysis" standard upon trial courts for determining class certification issues. That court has stated, however, that it adheres to the basic principle that a trial judge has broad discretion in deciding matters concerning
 {¶ 6} class action certification and that such a determination will not be disturbed on appeal absent a showing of an abuse of discretion. Baughman v. State Farm Mut. Auto Ins. Co. (2000),88 Ohio St.3d 480. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 7} Based on the law as stated above and the record of proceedings in the trial court, this court finds that the trial court's decision to deny class certification to appellants on the basis of numerosity was not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Accordingly, appellants' sole assignment of error is not well-taken.
 {¶ 8} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.